IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| **KELVIN CHARLES RANSOM, SR.,** | : | |
| **Plaintiff,** | : | |
| VS. | : | NO. 4:23-cv-40-CDL-MSH |
| **VICKI JAMESON;** | : | |
| **PAMELA JACKSON**[1], | : | |
| **Defendants.** | : | |

## ORDER

Plaintiff Kelvin Charles Ransom, Sr, a pretrial detainee in the Harris County Jail in Hamilton, Georgia, filed a document that was docketed as a 42 U.S.C. § 1983 action. ECF No. 1. Plaintiff named Vicki Jameson, the Harris County Tax Commissioner, as the only defendant. *Id.* Plaintiff failed to use the required 42 U.S.C. § 1983 form. Additionally, Plaintiff did not pay the $402.00 filing fee or move to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a).

On March 22, 2023, the Court ordered Plaintiff to file an amended complaint using the required 42 U.S.C. § 1983 form and either pay the filing fee or submit a request to proceed *in forma pauperis* along with a financial affidavit and certified copy of his trust fund account for the last six months. ECF No. 4. Plaintiff seemed to complain about the assessment or collection of real property taxes. ECF Nos. 1; 3. The Court, therefore, informed Plaintiff

---

[1] The Clerk of Court is **DIRECTED** to show these two defendants. It appears that Plaintiff named Vicki Jameson, not Vicki Johnson, as the only defendant in the document he filed on March 2, 2023. ECF No. 1 at 1, 2, 4. He added Pamela Jackson as a defendant when he filed the 42 U.S.C. § 1983 form on April 3, 2023. ECF No. 5 at 1.

1

that federal district courts, such as this one, generally do not have jurisdiction to interfere with the assessment and collection of real property taxes. ECF No. 4.

Plaintiff failed to file a certified copy of his trust fund account statement. On May 2, 2023, the Court ordered Plaintiff to show cause why his case should not be dismissed for failure to do so. ECF No. 7.

Plaintiff responded by mailing the Court an incomplete and unsigned Account Certificate. ECF No. 8-1 at 1. Attached to the incomplete and unsigned Account Certificate is an "Inmate History" that appears to show all purchases Plaintiff made from December 1, 2022 to May 13, 2023. *Id*. at 2. While the "Inmate History" indicates several "ICC Inmate Deposits," it does not indicate the amounts of the deposits. *Id*. In short, Plaintiff has failed to provide a certified copy of his trust fund account statement as he was ordered to do on March 22, 2023 and again on May 13, 2023.

Plaintiff did file an amended complaint using the 42 U.S.C. § 1983 form. ECF No. 5. In the heading, he named two defendants: Vicki Jameson and Pamela Jackson. *Id*. at 1. It appears that Vicki Jameson is the Tax Commissioner of Harris County, Georgia. ECF Nos. 1 at 1; 3 at 1. The Court is unsure who Pamela Jackson is. Plaintiff failed to answer question twelve on the § 1983 form which asks for, "the full name, the official position, and the place of employment of each defendant in this lawsuit." ECF No. 5 at 4. Plaintiff also made no allegations whatsoever in the Statement of Claim section of the amended complaint. Thus, the Court has no idea how the defendants may have violated Plaintiff's constitutional or federal statutory rights.[2] Without this information, there is no way for the Court to process

---

[2] In the document he filed on March 2, 2023, Plaintiff sought to sue Vicki Jameson for failing to exempt his mobile home from property taxes and for failing to refund property tax payments. ECF No. 1. The Court informed Plaintiff that a district court generally has no

2

Plaintiff's civil action.

Due to Plaintiff's failure to follow the Court's Orders and prosecute this action, the case is hereby **DISMISSED WITHOUT PREJUDICE**.  Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Ctny. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.").

**SO ORDERED**, this **25th** day of **May, 2023**.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

---

authority to "enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341; *see also Fair Assessment in Real Estate Ass'n, Inc. v. McNary*, 454 U.S. 100, 107 (1981) (The "principle of comity bars federal courts from granting damages" in suits brought under 42 U.S.C. § 1983 for allegedly unconstitutional administration of the state's tax system.); *Dawson v. Childs*, 665 F.2d 705, 710 (5th Cir. 1982) (holding that the district court lacks jurisdiction to enjoin the enforcement of a tax lien on plaintiff's real property).